EXQUISITE FORM BRASSIERE, INC.,
a Corporation, Petitioner,

v.

FEDERAL TRADE COMMISSION,
Respondent.

No. 18524.

United States Court of Appeals
District of Columbia Circuit.

Argued March 19, 1965.

Decided July 2, 1965.

Petition for Rehearing En Banc and for
Rehearing before the Division
Denied Oct. 14, 1965.

Certiorari Denied May 31, 1966.
See 86 S.Ct. 1584.

Mr. Peyton Ford, Washington, D. C., for petitioner. Mr. Urban A. Lester, Washington, D. C., also entered an appearance for petitioner.

Mr. Lester A. Klaus, Atty., F. T. C., with whom Mr. James McI. Henderson, Gen. Counsel, and Mr. E. K. Elkins, Atty., F. T. C., were on the brief, for respondent. Mr. Thomas F. Howder, Atty., F. T. C., also entered an appearance for respondent.

Before PRETTYMAN and BASTIAN, Senior Circuit Judges, and BURGER, Circuit Judge.

PRETTYMAN, Senior Circuit Judge.

This is the second time this controversy has been in this court. It is a petition to review a decision of the Federal Trade Commission. Exquisite Form was charged with violating Section 2(d) of the Robinson-Patman Act [1] by making discriminatory advertising allowances to customers. The Commission found a violation. The company appealed to this court. We affirmed the Commission on

---

1. 49 STAT. 1527 (1936), 15 U.S.C. § 13(d).

this point.[2] However another controversy at that stage was whether or not a defense, meeting the competition in good faith, which was authorized by a proviso in Section 2(b) of the statute, was available to a person guilty of discriminating in violation of Section 2(d) of the statute, which declares it to be unlawful for a person to pay anything for the benefit of a customer for services or facilities provided by such customer, unless the payment or consideration is equally available to all other customers. The Commission had held that the defense was not available in such cases. We held that it is available and remanded the case for the Commission to hear Exquisite Form on that defense.[3] Hearing was held, and the Commission held that Exquisite Form had not established the defense by proof. The present case is on review of that decision.

Exquisite Form in the present case essentially premises its position upon the proposition that in a Section 2(d) case, if the accused company establishes that its competitors have plans or systems whereby they make advertising allowances to their customers, any company in the industry can combat such systems by inventing and operating a system or plan of its own. Exquisite Form states a number of points, but all of them arise from or are enveloped in the proposition just stated. This, as it phrases the matter, is the crux of the case. Admittedly the Supreme Court has held [4] that in a price discrimination case (a Section 2(a) case) it is not an effective protection for an accused company to show that it operated a plan or system in order to combat its competitors' plans

or systems; in other words, that in those cases a plan to combat other plans is not an effective defense under the proviso in Section 2(b). The Court held that in such cases the combative act had to be a specific act aimed at a lower price on the part of a competitor in "individual competitive situations, rather than * * * [in] a general system of competition." [5] Exquisite Form argues that that rule cannot apply to the advertising allowance practices in the brassiere industry, because of the factual characteristics of that industry and the practices in it.

We think the doctrine of *Staley* must be applied here. There are differences, of course, between a price discrimination (Section 2(a)) case and a case involving advertising allowances. But we are not shown that any such difference goes to the basic thesis involved in the statute or to the rationale of *Staley*. We are not shown any compelling reason for different treatment.

Exquisite Form also contends that, even if the doctrine of *Staley* applies, its proof satisfied the requirements of that case. The only evidence which related to individual competitive situations consisted of a table which set forth the dates of retailers' advertisements of Exquisite Form products and competitors' products. There was no testimony which explained how this table related to company policy. The Commission found that Exquisite Form's evidence was insufficient to support its contention. We agree with the Commission.

Affirmed.

2. Exquisite Form Brassiere, Inc. v. FTC, 112 U.S.App.D.C. 175, 301 F.2d 499 (1961), cert. denied 369 U.S. 888, 82 S.Ct. 1162, 8 L.Ed.2d 289 (1962).

3. *Ibid.*

4. F.T.C. v. A. E. Staley Co., 324 U.S. 746, 65 S.Ct. 971, 89 L.Ed. 1338 (1945).

5. *Id.* at 753, 65 S.Ct. at p. 975.